COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-332-CR
  
  
RHONDA 
JOYCE ELLIS                                                           APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
 
------------
 
FROM 
CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        On 
June 7, 2004, Appellant Rhonda Joyce Ellis pleaded guilty to possession with 
intent to deliver a controlled substance of between four and two hundred 
grams.  Pursuant to a plea bargain agreement, Appellant was sentenced to 
six years’ confinement.  On that same day, the trial court entered its 
certification of Appellant’s right to appeal in accordance with Rule 
25.2(a)(2). Tex. R. App. P. 25.2(a)(2).  The 
certification states that this “is a plea-bargain case, and the defendant has 
NO right of appeal.”
        On 
July 6, 2004, Appellant filed a pro se notice of appeal and request for a bond 
hearing.  The trial court denied Appellant’s request on July 15, 2004, 
noting that no bond would be set because Appellant had not surrendered to 
authorities and that this is a plea bargain case and Appellant had no permission 
to appeal.  On August 12, 2004, we notified Appellant that the 
certification indicating she had no right to appeal had been filed in this court 
and that this appeal would be dismissed unless Appellant or any party desiring 
to continue the appeal filed a response showing grounds for continuing the 
appeal.  See Tex. R. App. P. 
25.2(d), 44.3.  We have received no response to our notification.
        Rule 
25.2(a)(2) limits the right to appeal in a plea bargain case to those matters 
that were raised by written motion filed and ruled on before trial or to those 
cases in which the appellant obtained the trial court’s permission to 
appeal.  See Tex. R. App. P. 
25.2(a)(2)(A), (B).  Appellant does not indicate that either of these 
exceptions apply in this case.  Therefore, in accordance with the trial 
court’s certification, we hold that Appellant has no right of appeal.
        Because 
Appellant has no right to appeal, we dismiss this appeal.  See Tex. R. App. P. 43.2(f).
 
  
                                                          PER 
CURIAM
 
 
PANEL 
D:   MCCOY, J.; CAYCE, C.J.; and LIVINGSTON, J.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
November 24, 2004


NOTES
1.  
See Tex. R. App. P. 47.4.